CHARLES DONNELLY *v.* J. M. HAWES & WIFE.

**Landlord and Tenant—Covenant of Tenant and Landlord to Repair.**

> A tenant, under covenant to keep leased premises in repair, is not
> bound thereby to replace buildings accidentally destroyed by fire; and
> it follows that a landlord under covenant to repair certain specified
> parts of a building would not be bound to rebuild even those parts if
> the whole building be destroyed.

APPEAL FROM KENTON CIRCUIT COURT.

November 20, 1877.

OPINION BY JUDGE COFER:

Counsel concede that the appellant is liable for the stipulated rent, notwithstanding the total destruction of the improvement on the leased premises, unless he is exonerated by the covenant of the lessors to keep the sills and roof of the stable in repair. The only inquiry we need make, then, is as to the effect of that covenant.

A tenant under covenant to keep leased premises in repair is not bound thereby to replace buildings accidentally destroyed by fire. I Taylor's Landlord & Tenant, Chap. IX, Sec. 1. And it would seem to follow, as a logical sequence, that a landlord under covenant to repair certain specified parts of a building would not be bound to rebuild even those parts if the whole building be destroyed.

The landlord did not covenant to keep the entire building in repair; and even if it be conceded that he was bound to rebuild these parts which he covenanted to repair, he is clearly not bound to replace the whole building, and unless that be done he cannot replace the sills and roof. If the tenant had offered to rebuild if the landlord would provide sills and put on the roof, and the landlord had refused the offer, the court would have been strongly inclined to treat his refusal as a breach of his covenant to keep the sills and roof in repair; but it would be doubtful whether that could be done.

But no such offer has been made, and we are well satisfied that the mere failure to rebuild the whole structure is no breach of the covenant to repair the sills and roof. The judgment must therefore be *affirmed.*

*Stevenson & O'Hara,* for appellant.
*Duncan & Roberts,* for appellees.